313 F.3d 40
 UNITED STATES of America, Appellee,
v.
Archie JOYNER, Tracey Smith, Karin Jackson, aka Karin Shuford, Eric D. Bryant, aka E, Sean L. Bryant, Craig Gillespie, aka Mountain, Clarence Brown, aka Lo, David Schon, aka Crazy Dave, Gregory Y. Bowles, aka Shun, aka Young, Shatima Turner, aka Little, Rudolph W. Griffin, aka Rudy, Jerry Lewis, aka Luwan, Nigel J. Williams, Odell Shannon Davis, aka O, Richard Jason Lapsley, aka Jay, John C. Pollack, Jr., aka JP, Brian Keith Parks, aka Bam Bam, Darren M. Rhodes, aka D, aka Dee Dee, Yolanda Turner, aka Landis, Asariah Jefereys, aka Eyes, aka Bebo, Colin M. Jones, aka C, Serita Thompson, Reginald Perry, aka Trooper, aka Man Big, Melvin E. Dove, aka Tony, aka Tyson, aka Mel, Anthony A. Devivo, aka Tony, Jon P. Gardella, aka Limpy, aka John, Sharolyn C. Canty, aka Lynne, Helena J. McFarlane, aka Helena, Kevin J. Mickens, aka Mel, aka Jamel, Bridget Williams, Gerald M. Jiggets, aka G, aka Jerry, aka G-Man, Malkia M. Robinson, aka Makia, Vladimir L. Vincent, aka Ricky Vlige, aka Vito, Darryl L. Williams, aka Bookie, aka John Bowens, Defendants,
Jesse M. Carter, aka Uncle Jess, Carlos Charles, Teddy T. Atkinson, Raymond A. Collins, aka Ray, aka Ron Turner, Michael Barrett, aka Mike Mike, Craig Sweat, aka Tank, William H. Willoghby, aka Crush, Defendants-Appellants.
 Docket No. 96-1198.
 Docket No. 96-1720.
 Docket No. 96-1721.
 Docket No. 97-1069.
 Docket No. 97-1292.
 Docket No. 98-1176.
 Docket No. 98-1177.
 United States Court of Appeals, Second Circuit.
 Submitted: March 20, 2000.
 Decided: December 5, 2002.
 
 COPYRIGHT MATERIAL OMITTED Thomas E. Booth, United States Dept. of Justice, Criminal Division, Washington, D.C. (Thomas J. Maroney, United States Attorney, Northern District of New York, Miroslav Lovric, Assistant United States Attorney, Northern District of New York, on the brief), for Petitioner-Appellee.
 Teddy T. Atkinson, Minersville, Pennsylvania, pro se.
 Carlos Charles, Edgefield, South Carolina, pro se.
 Michael Young, New York, New York, for Petitioner-Appellant Raymond A. Collins.
 James E. Long, Albany, New York, for Petitioners-Appellants Michael Barrett and Craig Sweat.
 Before: CARDAMONE, WINTER, and F.I. PARKER, Circuit Judges.
 WINTER, Circuit Judge.
 
 
 1
 On January 10, 2000, we affirmed in part and vacated in part the judgments convicting Teddy T. Atkinson, Jesse M. Carter, Carlos Charles, Raymond A. Collins, Michael Barrett, Craig Sweat, and William Willoghby of various crimes related to their participation in a drug trafficking ring. United States v. Joyner, 201 F.3d 61, 66-67 (2d Cir.2000). Atkinson, Charles, Collins, Barrett, Sweat, and the government have petitioned for a rehearing. Familiarity with our earlier decision is assumed.
 
 
 2
 We correct our earlier statement of some facts, clarify some points of law, and deny all the petitions.
 
 DISCUSSION
 
 3
 a) Atkinson
 
 
 4
 Atkinson argues that the government failed to demonstrate his obtaining of a substantial income from his participation in a Continuing Criminal Enterprise ("CCE"). Proof that a defendant obtained "substantial income or resources" from a CCE is one of the essential elements of that offense, 21 U.S.C. § 848(c)(2)(B); see also United States v. Muhammad, 824 F.2d 214, 218 (2d Cir.1987), and Atkinson urges that his conviction must be overturned.
 
 
 5
 We reject this argument on the ground that it was never raised on the appeal. It is well established that "an argument not raised on appeal is deemed abandoned" and lost, and that a court of appeals will not consider the argument unless it has reason to believe that "manifest injustice" would result otherwise. United States v. Babwah, 972 F.2d 30, 34-35 (2d Cir.1992). In this case, no such injustice has occurred because the evidence of Atkinson's guilt is substantial, including altogether reasonable inferences drawn from that evidence that he received substantial financial "fruits" from his crimes.
 
 
 6
 Atkinson also repeats many of the same contentions that he earlier advanced on appeal. Because we have already fully addressed these contentions, see Joyner, 201 F.3d at 68-71, we need not discuss them again. Cf. United States v. Hammad, 855 F.2d 36, 36-37 (2d Cir.1988).
 
 
 7
 b) Charles
 
 
 8
 Charles argues that his conviction for conspiracy should be vacated because the district court erroneously answered a question from the jury. The jury asked: "If a person has firsthand knowledge of a crime that is going to be committed, and does not report it or does nothing to prevent it, does that make him a conspirator of the crime?" In response, the district court stated that it was "unable to answer that question...."
 
 
 9
 We indicated in our earlier opinion that the district court erred in failing to clarify to the jury that a person cannot be held criminally liable for participation in a conspiracy for merely having knowledge of a crime and doing nothing to stop it. Joyner, 201 F.3d at 76; see also United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997). However, we also concluded that the district court's error was harmless in the context of this case under the analysis laid out in Neder v. United States, 527 U.S. 1, 8-10, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Joyner, 201 F.3d at 76. Nothing in Charles' present argument undermines the merits of that conclusion.
 
 
 10
 Charles argues that Neder does not govern his case because the facts of Neder are distinguishable from the facts here. However, in Neder, the Supreme Court held that an error in a district court's jury instruction is not "structural" and does not mandate an automatic reversal; instead, a harmless error review is appropriate for such an error. Neder, 527 U.S. at 8-9, 119 S.Ct. 1827. Because Charles' challenge is aimed essentially at the substance of Neder, rather than our application of that case, we decline to disturb the holding of our earlier opinion.
 
 
 11
 Charles also maintains that his counsel provided him with ineffective representation at trial because his counsel lied to him and had a conflict of interest. Because this argument requires consideration of evidence not contained in the record, we will not reach it here, and if Charles wishes to pursue this issue, he must raise it on a collateral attack of his convictions. Billy-Eko v. United States, 8 F.3d 111, 115-16 (2d Cir.1993), superseded by statute on a different ground as recognized in Triestman v. United States, 124 F.3d 361, 369 n. 8 (2d Cir.1997).
 
 
 12
 c) Collins
 
 
 13
 Collins argues that the district court erred when it did not require the government to prove to the jury beyond a reasonable doubt that his arson resulted in the death of a victim. This argument is not entirely frivolous. After we filed our opinion, the Supreme Court issued its decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348. Because "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final...," we are obligated to apply Apprendi to this case. Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); see also United States v. Gutierrez Rodriguez, 288 F.3d 472, 476 n. 2 (2d Cir.2002).
 
 
 14
 Anyone who commits arson is subject to a fine and a term of imprisonment ranging between five and twenty years. 18 U.S.C. § 844(i). If the arson results in a personal injury, then the mandated term of imprisonment increases to seven to forty years. Id. If a person is killed by the crime, then the defendant can be sentenced to any term of years, or to life imprisonment, or to the death penalty. Id. In this case, the district court did not instruct the jury to determine beyond a reasonable doubt whether Collins' arson led to the death of the victim. This omission was erroneous under Apprendi, although the district court had no reason to rule otherwise at trial, Apprendi having not yet been issued.
 
 
 15
 Our ruling that the district court erred does not end the analysis, however. Because Collins did not object to the district court's charging of arson to the jury, we must now consider whether his argument survives a plain error review. See United States v. Thomas, 274 F.3d 655, 666 (2d Cir.2001). "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (internal quotation marks omitted) (second alteration in original). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Johnson, 520 U.S. at 467, 117 S.Ct. 1544 (quoting Olano, 507 U.S. at 732, 113 S.Ct. 1770) (internal quotation marks omitted) (alteration in original).
 
 
 16
 Applying these standards, we conclude that the failure to submit to the jury the question of whether Collins' arson resulted in the death of a victim was plain error that affected Collins' substantial rights. See Gutierrez Rodriguez, 288 F.3d at 476; Thomas, 274 F.3d at 667-71. However, we may not grant relief because the error did not seriously affect the fairness, integrity, or public perception of the fairness of Collins' trial. See United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002) (upholding conviction where indictment omitted drug quantity after applying Johnson plain error review). Collins never contested the fact that the fire he set caused a death. In fact, the defendant's own brief acknowledges Willard Allen's death in the fire. Collins Br. of Nov. 24, 1997, at 8. At sentencing his attorney characterized the major issue in scoring the offense as only a question of intent — whether or not the defendant intended to kill Allen, Collins Appx. at 173, and a review of the sentencing hearing transcript as a whole makes clear that the fact of Allen's death in the fire is undisputed. We will not reverse for plain error where there is no disagreement as to "the truth of the pertinent facts, and the record as a whole casts no doubt on the accuracy of that [fact]." Gutierrez Rodriguez, 288 F.3d at 477.
 
 
 17
 Collins also maintains that the government did not prove a sufficient interstate nexus to convict him under the arson statute, and that his right against ex post facto prosecution was violated. We addressed and dismissed both of these contentions in our earlier opinion and see no need now to revisit them again. Joyner, 201 F.3d at 78-80.
 
 
 18
 d) Barrett and Sweat
 
 
 19
 We dismissed without discussion in our earlier opinion certain claims made by Barrett and Sweat because we thought that those claims were essentially the same as the ones made by the other defendants that we had already addressed. Id. at 82. Barrett and Sweat assert that we were incorrect in that regard because, unlike the other defendants, they were convicted at a second trial. Thus, their claims necessarily arose from circumstances different from those of the other defendants, requiring us to conduct a separate analysis. We agree but conclude that there is no reason, even in light of the correct analysis, to disturb their convictions.
 
 
 20
 Although our error pertained to three of Barrett and Sweat's claims, they now request rehearing for only one of them, namely, the argument that the indictment wrongly charged them with the crime of aiding and abetting a CCE, and that the district court's charge to the jury failed to cure the prejudicial language in the indictment. It is the law of this circuit that aiding and abetting a CCE is not a crime. United States v. Amen, 831 F.2d 373, 381-82 (2d Cir.1987). The indictment was therefore flawed because it misdescribed the characteristics of that offense. However, because Barrett and Sweat did not object to the jury instructions, we must consider whether reversal is warranted for plain error. See United States v. Workman, 80 F.3d 688, 696 (2d Cir. 1996).
 
 
 21
 Barrett and Sweat insist that the district court's jury instructions compounded the errors in the indictment because they mentioned "aiding and abetting" amidst a discussion of predicate offenses necessary to form a CCE. The district court charged the jury that the first element the government had to establish in order to secure a CCE conviction was the defendants' guilt, beyond a reasonable doubt, of at least one felony violation of the federal narcotics laws during the time period of the CCE. The court then listed six possible predicate offenses: (1) possession of a controlled substance with intent to distribute; (2) actual distribution of a controlled substance; (3) attempted distribution of a controlled substance; (4) use of a communication facility to commit or facilitate the commission of a narcotics related felony; (5) conspiracy to commit any of these crimes; or (6) aiding and abetting the commission of these crimes. Tr. at 2037.
 
 
 22
 There is no disagreement among the circuits that aiding and abetting the violation of federal narcotics laws may serve as a predicate offense in support of a CCE conviction. See United States v. Valenzuela, 225 F.3d 665, 2000 WL 733603, at *1 (9th Cir. June 7, 2000) (unpublished opinion); United States v. Riddick, 156 F.3d 505, 512 (3d Cir.1998); United States v. Jelinek, 57 F.3d 655, 659 (8th Cir.1995); United States v. Baker, 10 F.3d 1374, 1408 n. 16 (9th Cir.1993), overruled on other grounds by United States v. Nordby, 225 F.3d 1053, 1059 (9th Cir.2000); cf. United States v. Aiello, 864 F.2d 257, 264 (2d Cir.1988) (holding that aiding and abetting drug felony violations may qualify as a predicate offense where the defendant is a kingpin).
 
 
 23
 Since it was proper for the district court to instruct the jury that aiding and abetting the violation of federal narcotics laws can serve as a predicate offense, Barrett and Sweat's claims are limited to whether this instruction, in combination with the charging errors in the indictment, led the jury to believe that appellants could be convicted of aiding and abetting a CCE. We think not. Although no jury instruction is ever perfect, "`the almost invariable assumption of the law [is] that jurors follow their instructions.'" Shannon v. United States, 512 U.S. 573, 585, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994) (quoting Richardson v. Marsh, 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)). The district court specifically instructed the jury that the CCE charge is "an exception to aiding and abetting liability," that "no defendant can be convicted of engaging in a Continuing Criminal Enterprise under the aiding and abetting statute," and that "[t]he defendants cannot be liable for aiding and abetting a Continuing Criminal Enterprise ...." Tr. at 2026, 2034. Nor did the district court later contradict its accurate instructions regarding non-liability for aiding and abetting a CCE. We conclude that the jury instructions contained sufficient precautions to ensure that jurors would not confuse aiding and abetting a predicate offense with aiding and abetting a CCE. Moreover, we believe that these instructions offset any prejudice stemming from the charging errors in the indictment.[1]
 
 
 24
 Barrett and Sweat also contend that their convictions for the CCE offense should be vacated under Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). In that case, the Supreme Court held that a jury must unanimously agree about which violations a defendant committed before it may convict a defendant of a CCE. Id. at 817-19, 824, 119 S.Ct. 1707 (assuming, but not deciding, that three violations is necessary for CCE conviction). But see United States v. Young, 745 F.2d 733, 747 (2d Cir.1984) (stating that at least three felony violations are required to establish a "series"). Here, Barrett and Sweat were charged with only a CCE and a conspiracy, and there was nothing in the indictment identifying which three violations served as the predicate for the CCE charge. It thus appears that the indictment was deficient under Richardson. However, because Barrett and Sweat made no objections concerning this issue at trial, we turn to the question of whether plain error review is appropriate.
 
 
 25
 Invoking United States v. Tran, 234 F.3d 798 (2d Cir.2000), Barrett and Sweat maintain that de novo, rather than plain error, review is required based on the principle that a defect must be treated as a jurisdictional matter "[w]here an indictment fails to allege each material element of the offense ...." Id. at 806-07. This argument fails here because it misses the distinction articulated in Thomas "that where a federal defendant is sentenced for a crime not fully alleged in the indictment in that the allegations in the indictment charge a lesser-included offense of the crime for which the sentence was imposed, the error is not `jurisdictional' and is, therefore, subject to plain error review pursuant to Fed.R.Civ.P. 52(b)." Thomas, 274 F.3d at 664. Because Barrett and Sweat were properly charged in the indictment with conspiracy, which is a lesser-included offense of a CCE, see Rutledge v. United States, 517 U.S. 292, 300, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), we will review only for plain error.
 
 
 26
 Although the indictment was flawed in that it did not identify with specificity the three violations necessary to form a CCE offense, Barrett's and Sweat's convictions do not amount to plain error. The jury instructions and the verdict sheet ameliorated any prejudice created by the errors in the indictment. The district court instructed the jurors that the phrase "a continuing series of violations" constituted three or more violations of federal narcotics laws which are related to one another,[2] and that the jury "must ... agree unanimously on which three or more acts constitute the continuing series of violations." Tr. at 2046. The district court also detailed the elements of the six predicate offenses, which further focused the jury on the types of drug violations it was to consider. Tr. at 2023-26, 2029-34, 2037-45. Finally the verdict sheet asked the jury:
 
 
 27
 Do you find unanimously that the government has proven beyond a reasonable doubt that ... [the defendant] committed such violation as part of a continuing series of three or more related violations of the federal narcotics laws by [the defendant]? (You must be unanimous as to which, if any, three or more related felony violations you have found).
 
 
 28
 Even assuming that the error in the indictment affected substantial rights of the appellants, it "did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." See Cotton, 122 S.Ct. at 1786, 122 S.Ct. 1781 (discussing Johnson, 520 U.S. at 469, 117 S.Ct. 1544). The jury was instructed that it had to agree unanimously on which three predicate offenses the appellants had committed, and the instructions specifically identified those offenses the jury had to find in order satisfy the first element of a CCE conviction. We therefore find no cause to reverse the convictions.
 
 
 29
 e) Government
 
 
 30
 The government urges us to reconsider our decision to reverse Carter's conviction on Count 44 for using or carrying an M16 semi-automatic rifle in connection with drug trafficking. See Joyner, 201 F.3d at 72-73. In making this argument, the government relies upon United States v. Melendez, 60 F.3d 41, 46-47 (2d Cir.1995), and United States v. Molina, 102 F.3d 928, 932 (7th Cir.1996), as support. Both citations are problematic and ultimately unpersuasive.
 
 
 31
 To begin, the judgment in Melendez was expressly vacated by the Supreme Court for reconsideration in light of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). See Colon v. United States, 516 U.S. 1105, 116 S.Ct. 900, 133 L.Ed.2d 834 (1996). Upon reconsideration in that case, we applied Bailey and recognized that "more than mere possession or proximity and accessibility is required" for a conviction under 18 U.S.C. § 924(c)(1). United States v. Melendez, 90 F.3d 18, 20 (2d Cir.1996) (per curiam) (internal quotation marks omitted). This holding comports with our conclusion in Joyner.
 
 
 32
 Molina also does not affect Carter's conviction. That case involved a situation in which a defendant actually "carries" a firearm by putting it in a car alongside drugs. Molina, 102 F.3d at 932. In Carter's case, however, we held that there was legally insufficient evidence to prove that Carter carried an M16 with him during his drug crimes. Joyner, 201 F.3d at 73. Rather, the evidence suggested only that Carter kept the M16 in a shed and did not carry it in connection with drug trafficking. Id.
 
 CONCLUSION
 
 33
 For the reasons stated above, the petitions for rehearing are denied.
 
 
 
 Notes:
 
 
 [1]
 For its part, the government did not focus the jury's attention on the predicate offense of "aiding and abetting," but rather encouraged the jury to find that the defendants had violated the other five federal drug laws: possession with intent to distribute, distribution, attempted distribution, use of a communication facility to commit or facilitate the commission of a narcotics related felony, or conspiracy to commit these crimes. Tr. at 61-64, 1913-19. The fact that "aiding and abetting" was never a centerpiece of the government's trial strategy increases our assurance that appellants were not prejudiced by the deficient indictment
 
 
 [2]
 The jury found the phrase "in some way related to each other" to be confusing. The district court, with assistance from appellants' counsel, instructed the jury to focus on acts committed during the scope of the overall enterprise or conspiracy. Tr. at 2078. This clarifying instruction further reduced the potential for prejudice from the indictment