Jonathan K. SMITH, a member of the Shinnecock Indian Nation, a/k/a Shinnecock Smoke Shop, residing and with his place of business on the Shinnecock Indian Nation Reservation, Plaintiff–Appellant,

v.

Andrew CUOMO, in his official capacity as Attorney General of the State of New York, Defendant–Appellee.

No. 07–4791–cv.

United States Court of Appeals, Second Circuit.

Jan. 12, 2009.

Scott Michael Moore, Moore International Law Offices, New York, NY, for Appellant.

Richard Dearing, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Benjamin N. Gutman, Deputy Solicitor General on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Jonathan K. Smith appeals from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.* ), dismissing his complaint on numerous grounds. The court held, *inter alia,* that Smith's claims I–III were barred by *res judicata,* and that his claims IV–V were barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. We assume the parties' familiarity with the underlying facts and the procedural history.

Smith's initial brief to this Court challenges only the legal standards applied by the district court in assessing the defendant's motion to dismiss. Smith argues that the district court erred in evaluating the defendant's motion under Fed.R.Civ.P. 12(b)(1) by declining to draw all inferences in his favor, and that the district court erred in evaluating the defendant's motion under Fed.R.Civ.P. 12(b)(6) by invoking the "flexible plausibility standard" set forth in *Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007) (internal quotation marks omitted), *cert. granted sub nom., Ashcroft v. Iqbal,* —— U.S. ——, 128 S.Ct. 2931, 171 L.Ed.2d 863 (2008).

Smith's initial brief fails to argue how his complaint would have avoided dismissal under the standards he advocates. Moreover, Smith's initial brief does not challenge certain rulings by the district court that are dispositive of this appeal and are unaffected by any of the challenged standards. Specifically, Smith does not challenge the district court's holding that his claims I–III were barred by *res judicata,* and (although he mentions the TIA in passing) he does not explain how different

standards would have altered the court's analysis of the TIA.

Accordingly, Smith has waived any challenge to the district court's application of *res judicata* and the TIA. *See* Fed. R.App. P. 28(a)(9); *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (holding that an issue is abandoned where not raised in appellate brief); *United States v. Joyner,* 313 F.3d 40, 44 (2d Cir. 2002) ("It is well established that an argument not raised on appeal is deemed abandoned and lost, and that a court of appeals will not consider the argument unless it has reason to believe that manifest injustice would result otherwise." (internal quotations omitted)).

We decline to consider arguments that Smith raises for the first time in the reply brief or at oral argument. *See NLRB v. Star Color Plate Serv.,* 843 F.2d 1507, 1510 n. 3 (2d Cir.1988)(appellate court may reject any argument raised for the first time in a reply brief).

Accordingly, we hereby **AFFIRM** the judgment of the district court.