09-0288-ag
Austin v. United States Department of Labor

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand nine.**

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIAN R. AUSTIN,

> *Petitioner*,
>
> v.                                                       No. 09-0288-ag

WEEKS MARINE, INC., DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, LIBERTY MUTUAL INSURANCE COMPANY,

> *Respondents*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR PETITIONER:**          David C. Barnett, Barnett & Lerner, Fort Lauderdale, FL (Joshua T. Gillelan II, Longshore Claimants' National Law Center, Washington, D.C., *on the brief*).

**COUNSEL FOR RESPONDENTS:** Christopher P. Boyd, Taylor, Day, Currie, Boyd & Johnson, P.A., Jacksonville, FL.
*for Weeks Marine, Inc. and Liberty Mutual Insurance Co.*

Petition for review of a decision by the Benefits Review Board ("BRB").

**UPON DUE CONSIDERATION** of this petition for review of a decision of the BRB, **it is hereby ORDERED, ADJUDGED, AND DECREED**, that the petition for review is **DENIED.**

Petitioner Brian R. Austin ("petitioner" or "Austin") seeks review of the November 25, 2008 decision of the BRB affirming the decision of the Administrative Law Judge ("ALJ") denying Austin's claims for compensation and medical benefits under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 *et seq.* ("Longshore Act"), for injuries that allegedly occurred while petitioner was employed by respondent Weeks Marine, Inc. ("Weeks") at the World Trade Center site after September 11, 2001. Petitioner argues that the BRB erred in denying Austin's claims because the BRB improperly concluded that the ALJ's finding that Weeks did not "assign" Austin to the World Trade Center site was sufficient to establish that any injury Austin incurred was not "in the course of [his] employment," and thus, not compensable under the Longshore Act. *See* 33 U.S.C. § 902(2). We assume the parties' familiarity with the facts and procedural history of this case.

In reviewing a decision of the BRB, we review only whether the BRB made any errors of law and whether the factual findings of the ALJ are supported by substantial evidence. *See, e.g., Rainey v. Dir., Office of Workers' Comp.*, 517 F.3d 632, 634 (2d Cir. 2008). Our review of questions of law is *de novo. Barscz v. Dir., Office of Workers' Comp. Programs*, 486 F.3d 744, 749 (2d Cir. 2007). In considering whether a factual finding of the ALJ is supported by substantial evidence, we must consider "the whole record" taking into account "whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474, 488 (1951); *see also Rainey*, 517 F.3d at 634 (quoting *Universal Camera Corp.*, 340 U.S. at 488).

Here, petitioner challenges only the legal conclusions of the BRB and fails to challenge the ALJ's factual findings. An argument not raised in an appellate brief is deemed abandoned and lost, *United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002), and thus we will assume that the ALJ's findings of fact are supported by substantial evidence.[1]

---

[1] In his reply brief, Austin argues that he did not abandon any challenge of the ALJ's factual findings. We disagree. We note, however, that were we to review the ALJ's findings of fact, we would conclude that these findings were supported by substantial evidence.

2

Petitioner only argues that the BRB erred in concluding as a matter of law that the ALJ's factual finding that Weeks had not officially assigned Austin to the World Trade Center site was sufficient to establish that Austin's injuries were not incurred "in the course of [his] employment," 33 U.S.C. § 902(2), with Weeks. We agree with petitioner's contention that whether an employee is assigned to a particular work site is not dispositive of whether an injury was incurred in the course of employment. *See, e.g.*, *U.S. Indus./Fed. Sheet Metal v. Dir., Office of Workers' Comp. Programs*, 455 U.S. 608, 615 (1982) (defining "in the course of employment" as "refer[ring] to the time, place, and circumstances of the injury" and noting that the injury must "have arisen during the employment") (internal quotation marks omitted).

We disagree, however, with petitioner's assertion that either the ALJ or the BRB relied on assignment as the dispositive factor. First, although the ALJ did conclude that Austin was never assigned to work at the World Trade Center site, the ALJ also concluded that Austin "was not engaged in maritime work at the [World Trade Center] project during his employment with [Weeks]," more generally. J.A. 38. In its review, the BRB concluded that substantial evidence supported the ALJ's finding that Austin "was not at the [World Trade Center] site at the behest of employer" and thus the ALJ's denial of compensation and medical benefits was proper. J.A. 54. The phrase "at the behest of employer" adequately addresses the requirement that the injury occur "in the course of employment," generally, to merit compensation under the Longshore Act without the need to import additional requirements, such as official assignment to the site. We therefore conclude that the BRB did not err.

## CONCLUSION

For the reasons stated above, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

3