15-4117-cv
Lopez v. Hollisco Owners' Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
     GERARD E. LYNCH,
     CHRISTOPHER F. DRONEY,
       *Circuit Judges*.

------------------------------------------------------------------------

JOHN LOPEZ,

       *Plaintiff-Appellant*,

     v.              No. 15-4117-cv

HOLLISCO OWNERS' CORPORATION, MIDBORO MANAGEMENT, INC., JENNIFER SANTANIELLO,

       *Defendants-Appellees*.

------------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | CASEY WOLNOWSKI, Phillips & Associates, PLLC, New York, New York. |
| FOR DEFENDANT-APPELLEE HOLLISCO OWNERS' CORP.: | EMIL A. SAMMAN, Kagan Lubic Lepper Finkelstein & Gold, LLP, New York, New York. |
| FOR DEFENDANTS-APPELLEES MIDBORO MANAGEMENT, INC., AND JENNIFER SANTANIELLO: | Andreas E. Theodosiou, Braverman & Greenspun, P.C., New York, New York. |

1

Appeal from a December 3, 2015, judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John Lopez appeals from a judgment of the district court granting Defendants-Appellees' ("defendants") motions for summary judgment and denying his cross-motion for partial summary judgment. Lopez challenges the dismissal of his discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.* We assume the parties' familiarity with the underlying facts, the record of the prior proceedings, and issues on appeal.

Lopez worked as a porter at a co-op building complex for fifteen years, until his employment ceased in late February or March 2014. Defendant Hollisco Owners' Corporation owned the building, and defendant Midboro Management, Inc., managed it. Defendant Santaniello was the property manager. Lopez alleges that he was discriminated against on the basis of a perceived disability when, after informing his supervisor that he might have hepatitis, he was instructed to leave the premises and obtain medical clearance to return to work, in the form of a doctor's note establishing that he was "fit and able to return back to work full time." App. 125. Lopez never provided the requested clearance or returned to his employment. He further alleges that he was terminated unlawfully.[1]

The district court granted defendants' motions for summary judgment and denied Lopez's corresponding cross-motion, concluding that the factual record did not support Lopez's disability discrimination claims. On appeal, Lopez challenges the district court's interpretation of the record, arguing that the evidence at a minimum raises genuine disputes of material fact as to whether his employer acted unlawfully in requiring a doctor's note in order for Lopez to return to work.

We review the district court's ruling *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in his favor. *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013). At summary judgment, disability discrimination claims brought pursuant to the ADA[2] are analyzed under the familiar three-step burden-shifting framework articulated in *McDonnell*

---

[1] Lopez also asserted federal and state claims for unpaid overtime wages, but he is not pursuing those claims on appeal. Appellant's Br. 2.

[2] Although claims brought pursuant to the NYCHRL are to be analyzed "separately and independently" from any federal-law claims, *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013), Lopez raises no separate argument or analysis in his briefing regarding these claims and has therefore abandoned any such challenge, *see United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002).

*Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009).

Applying these principles, we agree with the district court that Lopez has not raised a triable issue of fact regarding his discrimination claims. Even assuming Lopez could carry his burden at step one of the *McDonnell Douglas* analysis by establishing a *prima facie* case of discrimination—a proposition that is far from clear, given the evidence that Lopez may not have been terminated, but rather abandoned his job when he did not come back—defendants have provided a legitimate non-discriminatory reason at step two for requiring Lopez to obtain medical clearance in order to return to work: ensuring that he could perform his duties without any risk of his illness spreading to others.

At step three, Lopez has offered no evidence that the reason offered by defendants was pretextual. He maintains that defendants' concerns about disease transmission were not based on objective medical evidence, but this argument fails. Lopez has not alleged that he was fired because he had a disability, which is the type of theory at issue in the case law he cites regarding the ADA's "direct threat" provision. *See, e.g.*, *Bragdon v. Abbott*, 524 U.S. 624, 649 (1998). Instead, he contends that he was discriminated against when defendants required him to obtain medical clearance in order to return to work, but he has failed to provide any evidence that defendants had a discriminatory motivation in requiring such information. The district court therefore properly granted summary judgment in favor of defendants.

Finally, Lopez argues on appeal that requiring him to be cleared by a physician to return to work constituted an unlawful medical inquiry pursuant to 42 U.S.C. § 12112(d)(4)(A). However, such a claim is defeated because the requested medical clearance would not "tend to reveal a disability," as required for a medical inquiry to come under § 12112(d)(4)(A)'s prohibition. *See Conroy v. N.Y. Dep't of Corr. Servs.*, 333 F.3d 88, 95–96 (2d Cir. 2003).

We have considered Lopez's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3