*United States v. Barret*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-two.

PRESENT:    Susan L. Carney,
            Steven J. Menashi,
            Beth Robinson,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

   v.                                     No. 21-1743-cr

CHRISTOPHER BARRET, DBA DERRICK BROWN,
AKA SEAN BROWN, AKA MOUTHY, AKA THE
GENERAL, AKA CHRIS, AKA SOLO,

      *Defendant-Appellant,*

KAREEM FORREST, AKA DOOLEY, AKA
KAREEM FOREST, RYAN ANDERSON,
AKA DRE, JOSEPH DONALDSON, AKA
SCRATCHY, CHARLES JONES, AKA SPEEDY,
AKA SHAWN BROWN, AKA CHARLES JONES,
KEVIN LEE, AKA BALA BOY, LATOYA
MANNING, LEEMAX NEUNIE, AGENT OF
JUKES, VINCENT QUINONES, KUAME WILSON,
AKA KWAUME WILSON, KERRY GUNTER, AKA
GUNS, ANDRE WILSON, AKA MARIO, LEON
SCARLETT, AKA AGONY, AKA PIGGY, OMAR
MITCHELL, AKA SOX,

   *Defendants.*

_____

| | |
|---|---|
| *For Defendant-Appellant*: | BRENDAN WHITE, White & White, New York, NY. |
| *For Appellee*: | GILLIAN KASSNER (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Christopher Barret appeals the judgment of the U.S. District Court for the Eastern District of New York granting his 28 U.S.C. § 2255 motion in part, vacating two of his convictions, and conducting a limited resentencing as to a third conviction. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Barret argues principally that the district court erred because it did not conduct a *de novo* resentencing. He argues that *United States v. Quintieri*, 306 F.3d 1217 (2d Cir. 2002), and *United States v. Rigas*, 583 F.3d 108 (2d Cir. 2009), require a district court to conduct a *de novo* resentencing whenever any single conviction of two or more convictions is vacated, as is the case here. But our recent decision in *United States v. Peña* forecloses that argument. *See* No. 20-4192, 2022 WL 17587854 (2d Cir. Dec. 13, 2022). In that case, we held that "Section 2255's plain text, which vests district courts with discretion to select the appropriate relief from a menu of options, precludes us from applying the default rule in *Rigas* to all cases that arise in the § 2255 context." *Id.* at *3. Accordingly, Barret was not entitled to

3

*de novo* resentencing on the ground that his § 2255 motion resulted in vacatur of at least one conviction.

In *Peña*, we said that a district court may abuse its discretion in denying *de novo* resentencing when "resentencing would not be strictly ministerial." *Id.* at *7. In this case, however, Barret has not advanced the alternative argument that the district court abused its discretion under § 2255. He therefore abandoned that argument. *See United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002) ("It is well established that an argument not raised on appeal is deemed abandoned and lost.") (quoting *United States v. Babwah*, 972 F.2d 30, 34-35 (2d Cir. 1992)).

Separately, Barret argues on appeal that his § 924(c) conviction must be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) prohibits the use of a firearm in relation to any "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Barret's indictment based the § 924(c) charge on "carry[ing] one or more firearms during and in relation to one or more drug trafficking crimes." App'x 63. Thus, his § 924(c) conviction was not based on carrying a firearm in relation to a crime of violence. *Davis* invalidated a clause defining a "crime of violence." *Davis*, 139 S. Ct. at 2336. Because Barret's § 924(c)

conviction did not depend on the clause at issue in *Davis*, that case provides him

no basis for relief.

    For the foregoing reasons, we **AFFIRM** the judgment of the district court.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court