09-0665-cr(L), 09-1255-cr (con)
United States v. Oruche (Oluigbo)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-seventh day of April, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> *Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       *Appellee,*

       -v.-                        Nos. 09-0665-cr (L)
                                    09-1255-cr (con)

JOSEPH OLUIGBO, EMMANUEL ORUCHE,

       *Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANTS-APPELLANTS:**        ANDREW J. CERESNEY (Eric Meyer, Neuman Leverett III, Gordon Eng, *on the brief*) Debevoise & Plimpton LLP, New York, NY, *for defendant-appellant Joseph Oluigbo.*

                                        MARTIN R. STOLAR (Zoe J. Dolan,

---

[*] The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

*of counsel*) New York, NY, *for defendant-appellant Emmanuel Oruche.*

**FOR APPELLEE:**          MICHAEL M. ROSENSAFT, Assistant United States Attorney (Jesse M. Furman, Assistant United States Attorney, *of counsel*, Preet Bharara, United States Attorney, *on the brief*) Office of the United States Attorney for the Southern District of New York, NY.

Appeal from February 3, 2009 judgments of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgments of conviction for defendants Oruche and Oluigbo be **AFFIRMED,** and that the sentence of both defendants Oruche and Oluigbo be **VACATED** and **REMANDED** for proceedings not inconsistent with this Order.

Defendants-appellants Emmanuel Oruche ("Oruche") and Joseph Oluigbo ("Oluigbo") (jointly, "defendants") were convicted after a jury trial of conspiring to distribute and import one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 963, in or about the year 2006. Defendant Oruche was also convicted of two additional counts of conspiring to distribute and import one kilogram or more of heroin, in or about December 2003. In a special interrogatory, the jury found that the 2003 conspiracies, charging just Oruche, involved one kilogram or more of heroin, and that the 2006 conspiracies, charging both defendants, involved between 100 grams and one kilogram of heroin. At trial the government introduced a variety of evidence in support of these counts, including testimony from cooperator Rebecca Fomum-Tibah ("Fomum-Tibah"), who was Oruche's girlfriend at the time of the conspiracies and acted as a courier transporting heroin from Istanbul. On January 27, 2009, Judge Pauley sentenced both defendants. After determining that Oruche was a career offender, based on his record reported in his Presentence Investigation Report ("PSR"), Judge Pauley sentenced Oruche to a term of 270 months' imprisonment, to be followed by ten years of supervised release. Judge Pauley sentenced Oluigbo to a term of 126 months' imprisonment, to be followed by eight years of supervised release. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

###### A. Sufficiency of the Evidence

On appeal, both defendants contend that the evidence was insufficient to support the jury's guilty verdicts. We review a challenge to the sufficiency of the evidence *de novo*. *United States v. Leslie*, 103 F.3d 1093, 1100 (2d Cir. 1997).

> In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden. In considering such a challenge, we must credit every inference that could have been drawn in the government's favor, and affirm the conviction so long as, from the inferences

2

reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt. We defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence. Items of evidence must be viewed not in isolation but in conjunction, and the conviction must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*United States v. Reifler*, 446 F.3d 65, 94-95 (2d Cir. 2006) (internal quotation marks and citations omitted); *See also generally Jackson v. Virginia*, 443 U.S. 307 (1979). "This standard of deference is especially important when reviewing a conviction of conspiracy." *Leslie*, 103 F.3d at 1100 (internal quotation marks omitted).

### 1. Sufficiency of the Evidence for Oluigbo's Convictions

Oluigbo asserts on appeal that the evidence was insufficient to prove his knowing participation in a drug conspiracy. Oluigbo argues, specifically, that there was not sufficient evidence to prove that he had knowledge of or agreed to join the alleged drug conspiracy. "To sustain a conspiracy conviction, the government must present some evidence from which it can be reasonably inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participate in it." *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004) (internal quotation marks omitted). A jury is permitted to rely on the totality of *circumstantial* evidence in evaluating whether or not a defendant engaged in conspiracy, *see United States v. Santos*, 449 F.3d 93, 103 (2d Cir. 2006). Indeed, a defendant's "knowing and willing participation may be inferred from . . . [his] presence at critical stages of the conspiracy that could not be explained by happenstance, or a lack of surprise when discussing the conspiracy with others." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 113 (2d Cir. 2008) (internal quotation marks omitted). The government may also establish by evidence that "the defendant participated in conversations directly related to the substance of the conspiracy [or] possessed items important to the conspiracy." *Id.* (internal quotation marks omitted).

Viewing the evidence "in its totality, not in isolation, *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000), we conclude that Oluigbo's assertions are not sufficient to overcome our deference to the jury's determinations. In support of Oluigbo's involvement, the government presented evidence including numerous phone calls conducted between Oluigbo and Oruche, as well as ample testimony from Fomum-Tibah, who identified Oluigbo as Oruche's "right-hand man" and enumerated the ways in which Oluigbo participated in the conspiracy. On appeal, Oluigbo asks that we discredit the testimony of Fomum-Tibah, ignoring the well-established principle that the "credibility of witnesses is the province of the jury." *United States v. James*, 239 F.3d 120, 124 (2d Cir. 2000).

We cannot say it was unreasonable for the jury to credit Fomum-Tibah's testimony, along with the other evidence, in concluding that Oluigbo's involvement over an extended period of months in conspiracy-related activities, showed the defendant's knowledge and intent to participate in the conspiracy. Viewing all of the evidence in totality, and drawing all inferences in favor of the government, as we are required to do, *see Jackson*, 443 U.S. at 319, we conclude that a rational jury could

fairly have found Oluigbo guilty of the crimes charged. Accordingly, we affirm Oluigbo's convictions.

## 2. Sufficiency of the Evidence for Oruche's Conviction

Oruche also contends that there was insufficient evidence to support his convictions, arguing specifically that: (1) the evidence of his participation in the 2003 conspiracies was insufficient; (2) the evidence failed to prove the 2006 conspiracies precisely as they were charged in the indictment; (3) the evidence as to drug type and weight was insufficient for all counts; and (4) the jury instructions regarding drug type and weight were erroneous.

An independent review of the record reveals to us that there was ample evidence in support of Oruche's participation in both the 2003 and 2006 conspiracies. We also find Oruche's assertions regarding the drug type and weight to be without merit. Oruche argues that "drug quantity and type must be reasonably foreseeable to a co-conspirator" to sustain an aggravated drug conspiracy conviction. Oruche Br. at 37. However, we have held that "the quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction." *United States v. Chalarca*, 95 F.3d 239, 243 (2d Cir. 1996).

Nor are we persuaded by Oruche's contention that the jury instructions related to drug quantity were erroneous because they "gave the jury the impression that the quantity was merely a subsidiary consideration rather than an element of the crimes charged." Oruche Br. 43. The District Court expressly instructed the jury that it "should not single out any particular instruction as alone stating the law, but . . . should instead consider [the] instructions as a whole." Oluigbo App'x 1111. We cannot say that the District Court erred in instructing the jury in the way that it did.[2] Review of the record and arguments on appeal reveal that there was sufficient evidence to support the jury's conclusions regarding Oruche's participation in both conspiracies, as well as its findings regarding the drug weight involved. As a result, we affirm Oruche's convictions.

## B. Oruche's Motion to Suppress Wiretap Evidence and Confrontation Clause Challenge

Oruche also argues on appeal that the District Court erred in denying his pretrial motion to suppress wiretap evidence because (1) the application for the wiretap was lacking in probable cause, and (2) the government failed to demonstrate the requisite necessity for a wiretap. In reviewing a motion to suppress wiretap evidence, we grant "considerable deference" to the District Court. *See United States v. Concepcion*, 579 F.3d 214, 217 (2d Cir. 2009). We focus on whether the judge who authorized the wiretap (here, Judge Denise Cote) "had a substantial basis for the finding of probable cause." *Id.* at 217 n.1. In doing so, our role is to "decide if the facts set forth in the application were minimally adequate to support the determination that was made." *United States v. Yannotti*, 541 F.3d 112, 124 (2d Cir. 2008). Applying these standards and reviewing the record before us, we cannot say that Judge Cote erred in

---

[2] We review the jury instructions only for plain error because, as defendant Oruche concedes, he did not object to the instructions on these grounds before the District Court. *See United States v. Joyner*, 313 F.3d 40, 45 (2d Cir. 2002). Indeed, the instructions were the product of a joint request by the government and the defendants.

finding probable cause existed to support the need for a wiretap. We also cannot conclude that Judge Pauley erred in denying Oruche's motion to suppress the wiretap evidence.

Oruche also maintains that the admission of consensually recorded phone calls involving an unindicted courier and the admission of the courier's notebook violated Oruche's rights under the Sixth Amendment's Confrontation Clause. After reviewing the record and applicable law, we conclude that these items of evidence were admissible and therefore that Oruche's claim is without merit.

## C. Sentencing Errors

### 1. Oruche's Career Offender Status and Sentencing

On appeal, Oruche also challenges his sentence, claiming that the District Court erred in (1) grouping together his 2003 and 2006 conspiracies for purposes of calculating his appropriate Guidelines offense level, (2) applying a leadership-role enhancement, and (3) finding that he was a career offender under the Guidelines.

We find no merit in Oruche's first argument because, as Judge Pauley correctly noted, U.S.S.G. § 3D1.2(d) provides that counts should be grouped together when their offense level "is determined largely on the basis of . . . the quantity of a substance involved." All of Oruche's convictions are for controlled substances offenses, for which the offense level is determined largely on the basis of the quantity of drugs involved, *see* U.S.S.G. § 2D1.1, and, accordingly, the counts were properly treated as a single group. We are also not persuaded, after a review of the record, by Oruche's contention that the District Court erred in applying a leadership-role enhancement during sentencing.

Finally, Oruche argues, and the government concedes, that the District Court erred in concluding that Oruche was a career offender under the Guidelines. We agree that this was error. Oruche's PSR reports a 1988 conviction for "conspiracy to distribute heroin" when, in actuality, he was convicted for criminal possession of a controlled substance in the second degree. This possession conviction does not necessitate proof of an intent to manufacture, import, export, distribute, or dispense, *see* N.Y. Penal Law § 220.18—proof which is required by U.S.S.G. § 4B1.2(b) for an offense to qualify as a "controlled substance offense" in order to find that a defendant is a career offender under the Guidelines. Accordingly, at the time of sentencing, Oruche had only one prior "controlled substance offense," and did not qualify as a career offender. In light of this error, we vacate Oruche's sentence solely on this basis and remand for resentencing by Judge Pauley.

### 2. Oluigbo's Sentence and Minor-Role Adjustment

Oluigbo also contends that the District Court erred in sentencing him when it denied him a mitigating-role adjustment under the Guidelines. Section 3B1.2 of the Guidelines provides that a defendant's offense level may be reduced by two levels if the defendant was a "minor participant" in joint criminal activity—*i.e.*, if the defendant is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, application n.3(a). The defendant bears the burden of making this showing by a preponderance of the evidence. *See, e.g.*, *United States v. Yu*, 285 F.3d 192, 200 (2d Cir. 2002). A court's

"finding that a defendant did not play a minor or minimal role will not be reversed unless clearly erroneous." *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir. 1999).

Whether a defendant qualifies for a minor-role adjustment is a highly fact-specific determination. In making this determination, we look to factors such as "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Yu*, 285 F.3d at 200. Viewing the evidence in the light most favorable to the government, it is clear that: Oluigbo transported Fomum-Tibah from the airport after she returned from Istanbul with heroin; wired money to Fomum-Tibah; called her after she sold Oruche's drugs, to try to convince her to help Oruche out of his financial hardship; tried to assist Oruche in evading the police when they were following him; attempted to meet certain collaborating individuals as instructed by Oruche; and managed paperwork that Oruche eventually instructed him to hide from law enforcement.

Oluigbo contends that none of these activities were necessary for the success of the conspiracy to smuggle drugs into the country. Even if we were to accept this contention as true, we cannot overlook the extremely close relationship between defendant Oluigbo and his co-conspirator Oruche, as well as his relationship with Fomum-Tibah in which he personally called her and assisted her single-handedly with other conspiracy-related matters. Moreover, we cannot conclude that Oluigbo's awareness of the scope and nature of the enterprise was so limited as to warrant a sentence reduction. It is clear from the facts listed above that Oluigbo knew, at the very least, that the scope of the enterprise was international (having helped Fomum-Tibah with her international travel) and involved multiple actors. Additionally, as we discuss above, there is sufficient evidence supporting awareness of the nature of the criminal enterprise in which he participated. Accordingly, we cannot say the District Court erred in declining to reduce Oluigbo's sentence.

Although we find no error in the District Court's determination that Oluigbo was not entitled to a minor-role adjustment, we nonetheless vacate Oluigbo's sentence and remand this matter for resentencing. During the sentencing proceeding, the District Court stated that Oluigbo's sentence should be "placed in context" with the sentence imposed on his co-defendant. "[I]nasmuch as the interrelationship among the sentences of the co-defendants is a principal consideration as to a proper sentence . . ., the district court should have the ability . . . to resentence [Oluigbo] as well." *See United States v. Stewart*, 590 F.3d 93, 152 (2d Cir. 2009). Of course, we express no view on Oluigbo's proper sentence on remand.

## <u>CONCLUSION</u>

For the reasons stated above, we AFFIRM the District Court's judgments of conviction for defendants Oruche and Oluigbo.  For the reasons stated above, we VACATE the sentence of Oruche and also Oluigbo and REMAND for resentencing not inconsistent with this Order.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court