11-2755-cr
United States v. Oluigbo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

United States of America,
> *Appellee*,

v.                                                                No.     11-2755-cr

Joseph Oluigbo,
> *Defendant-Appellant*,

Emmanuel Oruche, Fnu Lnu, Ambo Rebecca Fomum-Tibah,
Cosme Frederick Tibur Jemy, Fnu Lnu, Linus Iheukwu, Paul Osuji,

> *Defendants.*

---

FOR APPELLANT:          Robert J. Boyle, Law Office of Robert J. Boyle, New York, New
                        York

FOR APPELLEE:        Michael M. Rosensaft, (Jesse M. Furman, *on brief*) Assistant United States Attorneys, *of counsel*, *for*, Preet Bharara, United States Attorney for the Southern District of New York, New York, New York

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Joseph Oluigbo appeals from a judgment of the district court sentencing him to 126 months' imprisonment following his conviction, after a jury trial, of conspiracy to possess with intent to distribute heroin, 21 U.S.C. § 846, and conspiracy to import heroin, 21 U.S.C. § 963. After trial, Oluigbo and one of his co-defendants, Emmanuel Oruche, appealed, challenging the sufficiency of the evidence and their sentences. As discussed in greater depth below, we rejected their sufficiency challenges, but vacated their sentences and remanded for resentencing. On remand, Oluigbo was re-sentenced to 126 months' imprisonment. In this second appeal, Oluigbo contends that his sentence is substantially unreasonable. We assume the parties' familiarity with the underlying facts, and the issues on appeal, and we discuss these only as necessary to explain our decision.

Oluigbo was tried jointly with Emmanuel Oruche, who was convicted of additional counts of conspiracy. In light of the jury's findings as to the amount of drugs involved in the Oluigbo's charged conspiracies and well as the government's decision to file a prior felony information, Oluigbo was subject to a statutory mandatory minimum of 120 months. *See* 21 U.S.C. §§ 841(b)(1)(B), 960(b)(2)(A), 851(a). The Probation Office calculated his offense level at 32 and his criminal history at category III, yielding an advisory Guidelines range of 151 to 188

months' imprisonment. After determining that Oruche was a career offender, the district court sentenced him to a term of 270 months' imprisonment. Oluigbo was initially sentenced to a term of 126 months' imprisonment. Both men appealed, challenging the sufficiency of the evidence and their sentences. We rejected the sufficiency challenges, but we vacated their sentences, concluding that the district court erroneously found Oruche to be a career offender. *United States v. Oluigbo*, 375 F. App'x 61, 63-67 (2d Cir. 2010). While we rejected Oluigbo's contention that he was entitled to a "minor participant" adjustment under the Guidelines, we found it prudent to allow the district court to re-sentence Oluigbo because the district court indicated that his sentence had been "placed in context" with Oruche's flawed sentence. *Id.* at 66-67. We expressed no view on the proper sentence for Oluigbo following remand. *Id.*

On June 23, 2011, Oruche and Oluigbo appeared before the district court for re-sentencing. Without the career offender designation, Oruche's Guidelines were re-calculated to reflect a range of 292 to 365 months' imprisonment instead of 360 months to life imprisonment. Oruche addressed the court and apologized for his "great mistake." The court then re-sentenced Oruche to a term of 240 months' imprisonment.

At his re-sentencing, Oluigbo chose to address the court, but did not specifically accept responsibility for his crimes. Instead he said: "I'm sorry to find myself here," and indicated that he "was willing to accept whatever you want me to accept." The court first reiterated the findings it made at the original sentencing, noting that the Oluigbo played a "crucial" role in the conspiracy and was "more than just an average participant." He noted that Oluigbo remained unwilling to accept responsibility for his role in the conspiracy. The court then imposed a 126-month term of imprisonment, stating that the sentence is "entirely appropriate and just and

certainly not more than necessary as a matter of deterrence." Oligbo now challenges this sentence on appeal.

"We are constrained to review sentences for reasonableness, and we do so under a deferential abuse-of-discretion standard." *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011) (internal citation and quotation marks omitted). Our appellate review "encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Oluigbo challenges only the substantive reasonableness of his sentence, which we review principally with respect to the "length of the sentence imposed." *United States v. Bonilla*, 618 F.3d 102, 108-09 (2d Cir. 2010). "We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). This standard provides "a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Oluigbo essentially reprises the argument we have already rejected—as a "relatively minor player" in the conspiracies, "the 126 month prison sentence was unreasonable." *See Oluigbo*, 375 Fed. Appx at 66 ("[W]e find no error in the District Court's determination that Oluigbo was not entitled to a minor-role adjustment."). Under the applicable standard and our earlier ruling, this appeal has no merit. Departing from the Guidelines range of 135 to 168 months' imprisonment, the district court sentenced Oluigbo to six months longer than the statutory minimum of 120 months. Given Oluigbo's conviction and the district court's finding

that he had a significant (as opposed to minor) role in this international heroin trafficking ring, the sentence was well within "the range of permissible decisions." *Cavera*, 550 F.3d at 191.

Arguing that the Guidelines range is itself the product of an over-reliance on drug quantity, Oluigbo contends that the benchmark set by the Guidelines "should have been accorded far less weight." Nothing, however, requires district courts to lower sentences based on disagreement with the applicable guidelines—whether to do so rests within the sound discretion of the district court. *See Rita v. United States*, 551 U.S. 338, 350-51 (2007). As we have repeatedly stated, we "will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009) (internal quotation marks omitted).

Oluigbo also argues that because the district court reduced Oruche's sentence from 270 months to the applicable statutory minimum of 240 months, Oluigbo's sentence should similarly be lowered to the applicable statutory minimum of 120 months. As noted by the district court, however, the lowering of Oruche's sentence was based on the significant change in his Guidelines benchmark as well as his apparent cooperation with the government and his remorse for his criminal activity. In contrast, nothing about Oluigbo's benchmark changed, and he continued to maintain his innocence despite the jury's findings. This is not an exceptional case that involves a "shockingly high" sentence which damages our administration of justice. *Rigas*, 583 F.3d at 123. The district court did not exceed the bounds of its discretion in imposing it.

We have considered Oluigbo's remaining arguments and find them without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

<div style="margin-left: 50%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>