*United States of America v. Montague*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-three.

Present:

> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> BETH ROBINSON,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                             18-2975

COLIN MONTAGUE,

     *Defendant-Appellant*,

CHARLTON OSBORNE, ANTOINE SHANNON, COLLIN THOMAS, CLIVE

HAMILTON, ALYSSA SPRAGUE, JARA
JENKINS CARMICHAEL, RACHEL VAIL,
DAVID CAESAR, SHELDON PALMER,
JERMAINE SWABY, MICHAEL
MOSGROVE, LOU PERRY SLAUGHTER,
AKIL LAZARUS, CLUETH BURTON,
MONTAGUE ENTERPRISES, INC.,

   *Defendants*.

_____

| | |
|---|---|
| For Appellee: | Robert Marangola, Assistant United States Attorney (Tiffany H. Lee, Assistant United States Attorney, on the brief), for James P. Kennedy, Jr., United States Attorney for the Western District of New York. |
| For Defendant-Appellant: | Michael Joseph Witmer, Law Office of Michael Joseph Witmer, Rochester, NY. |

  Following disposition of this appeal on May 9, 2023, Defendant-Appellant filed a petition for rehearing *en banc*. A member of the panel thereafter requested a poll on whether to rehear the case *en banc*. A poll having been conducted and there being no majority favoring *en banc* review, the petition for rehearing *en banc* is hereby **DENIED**.

  Myrna Pérez, *Circuit Judge*, joined by Eunice C. Lee, Beth Robinson, Alison J. Nathan, and Sarah A. L. Merriam, *Circuit Judges*, dissenting by opinion in the denial of rehearing *en banc*.

       FOR THE COURT:
       Catherine O'Hagan Wolfe, Clerk

Myrna Pérez, *Circuit Judge*, joined by Eunice C. Lee, Beth Robinson, Alison J. Nathan, and Sarah A. L. Merriam, *Circuit Judges*, dissenting from the denial of rehearing *en banc*.

Colin Montague was charged with and convicted of operating a "continuing criminal enterprise" ("CCE"), in violation of 21 U.S.C. § 848. Conviction for a CCE requires, among other things, proof of a felony drug offense committed as "part of a continuing series" of drug offenses. *See* 21 U.S.C. § 848(c)(2). Each offense comprising that continuing series—each, a "predicate offense"—is a necessary element of the CCE offense. *See Richardson v. United States*, 526 U.S. 813, 817–20 (1999); *United States v. Montague*, 67 F.4th 520, 528–29 (2d Cir. 2023). The panel majority held that "the facts and circumstances amounting to" a CCE's predicate offenses need not appear in an indictment *at all*, so long as that indictment cites statutory sections. *Montague*, 67 F.4th at 529–30.

Because this case "involves a question of exceptional importance" that was answered in a manner creating and exacerbating "[dis]uniformity of the court's decisions," either or both of Federal Rule of Appellate Procedure 35(a)'s alternative

bases militate in favor of rehearing en banc. Fed. R. App. P. 35(a)(1)–(2). We respectfully dissent from the denial of rehearing en banc.

\* \* \*

This case involves a question of exceptional importance: does an indictment for a crime with predicate offenses as necessary elements require *any* factual detail regarding those predicate offenses? The answer, in our view, should be an easy "yes."

There is no dispute that each predicate offense making up a CCE's "continuing series" is an element of the CCE offense. Accordingly, each predicate offense and its elements must be set forth in the indictment. *E.g.*, *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998); *Hamling v. United States*, 418 U.S. 87, 117–18 (1974); *United States v. Dupree*, 870 F.3d 62, 70–71 (2d Cir. 2017). This is black-letter law. Here, the elements and factual details of Montague's predicate offenses were replaced by opaque references to statutory citations. The indictment alleged only that Montague had committed an indeterminate number of crimes, with no statement of their elements and no explanation of what Montague did or why it was illegal. All the grand jury found was probable cause

2

to believe that Montague "undert[ook]" unspecified "violations of" statutes with unspecified elements—that's it.[1]

Permitting such perfunctory allegations all but voids a key function of the indictment, impairing the rights guaranteed by the Fifth Amendment's Grand Jury Clause. "[T]he very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *United States v. Thomas*, 274 F.3d 655, 670 (2d Cir. 2001) (en banc) (emphasis omitted) (quoting *Stirone v. United States*, 361 U.S. 212, 218 (1960)). To serve that function, the grand jury must know and agree to the charge the prosecutor puts before it, and the indictment is what "gives the necessary assurance" that the grand jury did so. *United States v. Gonzalez*, 686 F.3d 122, 132 (2d Cir. 2012).

The panel majority here did not even suggest that the grand jury could have discerned from the indictment the elements of any predicate offense that it needed to find probable cause to believe Montague had committed. Grand juries think

---

[1] Specifically, the indictment alleged that Montague "did violate Title 21, United States Code, Sections 841(a)(1) and 846, which violations were part of a continuing series of violations of said statutes undertaken by the defendant." App'x at 32.

3

"in terms of facts" not "in terms of statutory subsections," so mere references to "naked number[s]" in an indictment fail to provide the necessary assurances that a grand jury knew and agreed to the charges put before it. *Id.* Yet, the panel majority held that a CCE indictment need only cite the statute a defendant violated in the predicate offense: that is all the "setting forth" required. *See Montague*, 67 F.4th at 530–32.

The problem of the *Montague* rule is further illustrated by its consequences. The deficiency of the indictment here compelled the trial court to instruct the jury that the predicate offenses "may even be acts not mentioned in the indictment at all." App'x at 5681. If the indictment may omit all description so long as it specifies a statute, then of course the trial jury may—and sometimes must—convict a defendant based on conduct not alleged in the indictment. That oxymoronic statement of the law is the natural outgrowth of the panel's decision; as Judge Jacobs observed in dissent, "[o]ne error spawns another." *Montague*, 67 F.4th at 549.

The proper rule is easy to derive. To *convict* on a CCE count, a petit jury must conclude beyond a reasonable doubt that the defendant committed each predicate offense; by the same token, to *indict* on a CCE count, the grand jury must

4

find probable cause that the defendant committed each predicate offense. Ergo, the same rules that ordinarily govern the adequacy of indictments must also govern the pleading of CCE predicates: the indictment must contain information sufficient to enable a grand jury to find probable cause that the defendant committed each predicate offense. It may not simply replace factual elements with statutory citations. *See Dupree*, 870 F.3d at 70; *Gonzalez*, 686 F.3d at 132. An indictment alleging only that a defendant "did violate Title 21, United States Code, Sections 841(a)(1) and 846," App'x at 32, would be invalid to charge offenses under those statutes; a CCE indictment that does the same with respect to alleged predicate offenses must also fail.

That common-sense rule now has an exception in the Second Circuit: citing a statute in an indictment cannot substitute a factual element *except when charging a CCE*. Because the panel majority offers no explanation why CCE indictments are special and no principle why they should be exempt from the minimum constitutional requirements imposed on all other indictments, we worry that this exceptional—and exceptionally undemanding—standard will be applied outside of the CCE context. Stanching such application is exceptionally important.

En banc rehearing is also appropriate and necessary to secure the uniformity of this Court's decisions. In addition to contravening basic constitutional principles, the panel majority's relaxed standard is contrary to Second Circuit precedent, is inconsistent with decades of Supreme Court precedent, and creates a direct circuit split to boot.

This Court has repeatedly rejected the panel majority's holding that an indictment—generally, as well as in the CCE context—need only cite the statute a defendant allegedly violated in describing the predicate offense: "[t]he statements of essential facts and statutory citation are separate requirements, and a deficiency in the factual allegations cannot be cured by a statutory citation in the same count." *Dupree*, 870 F.3d at 70;[2] *accord Gonzalez*, 686 F.3d at 132 ("[C]itation to a statutory section is not, by itself, sufficient to cure a defective indictment that fails to allege all the elements of an offense."); *United States v. Joyner*, 313 F.3d 40, 48 (2d Cir. 2002) (finding indictment materially indistinguishable from Montague's to be "flawed"

---

[2] Like *Montague*, *Dupree* analyzed the constitutionality of a CCE indictment. But contrarily, it deemed constitutionally inadequate an indictment that merely cited statutory sections rather than "an essential fact constituting the charged offenses" and "language alleging the factual predicate for the [CCE statute's] penalty provision." 870 F.3d at 70–72. "The . . . indictment had to do more than reference §§ 841(b)(1)(A) and 848(e)(1)(A) to allege the essential facts" of the charged CCE. *Id.* at 72 (citing *Gonzalez*, 686 F.3d at 128).

6

because it contained "nothing" that could "identify with specificity the three [predicate] violations necessary to form a CCE offense").   For half a century, the Supreme Court has also directed that statutory language on its own is not usually good enough and "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence . . . with which he is charged."   *Hamling*, 418 U.S. at 117–18 (parenthetical omitted).

For similar reasons, courts have long recognized "a limitation on th[e] practice" of cribbing from statutes: when "'the definition of an offence . . . includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.'"   *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000) (quoting *Russell v. United States*, 369 U.S. 749, 765 (1962)).   "[F]or an indictment to fulfill the function[] . . . of assuring that [the defendant] is tried on the matters considered by the grand jury, the indictment must state some fact specific enough to describe a particular criminal act, rather than a type of crime."   *Id.*

Weighing these same considerations, the Third Circuit has adopted a sensible rule: "an indictment must include the facts and circumstances comprising at least three [offenses], but . . . the CCE count itself need not identify with exacting

specificity which three will ultimately prove the CCE charge." *United States v. Bansal*, 663 F.3d 634, 647 (3d Cir. 2011). The panel majority recognized as much but disagreed anyway. There can be no doubt of the circuit split here: the panel majority twice rejects *Bansal* by name. *See Montague*, 67 F.4th at 529, 531.

This brings us to our irreconcilable decisions in *United States v. Flaharty*, 295 F.3d 182 (2d Cir. 2002), and *United States v. Joyner*, 313 F.3d 40 (2d Cir. 2002). The panel majority conceded that the two cases reached opposite conclusions as to the constitutional adequacy of CCE indictments that were "not meaningfully different." *Montague*, 67 F.4th at 531 n.2. Nonetheless, the panel majority attempted to distill a rule: "when a CCE count says nothing about the three underlying violations it is defective (*Joyner*), but when it alleges predicate violations by reference to the violated statutory provisions it sufficiently charges a CCE offense (*Flaharty*)." *Id*. at 531. It then applied this rule and deemed Montague's indictment constitutionally adequate because it referenced statutory citations (*Flaharty*), which was not "nothing" (*Joyner*). But this sidesteps what *Joyner* described as "nothing," which was in all material respects identical to what

8

the panel majority deemed *something*.[3]   If the indictment in *Joyner* contained

"nothing . . . identifying which three violations served as the predicate for the CCE

charge" and failed to adequately "identify [them] with specificity," *Joyner*, 313 F.3d

at 48, so too did the materially indistinguishable indictment here, *see Montague*,

67 F.4th at 547 (Jacobs, J., dissenting) ("If the indictment in *Joyner* was 'deficient,'

so is its analogue here.").

But after the panel opinion, *Flaharty*, *Joyner*, and *Montague* form a knot of

contradictory caselaw which will continue to baffle defendants and district courts.

Perhaps the panel majority faced an impossible task of squaring two precedents

(*Joyner* and *Flaharty*) that reached opposite conclusions on identical facts, but that's

where an en banc court is supposed to come in.   *See* Fed. R. App. P. 35(a)

("[E]n banc consideration is necessary to secure or maintain uniformity of the

court's decisions . . . .").   And even if the panel majority somehow squared those

precedents, it made no attempt to reconcile its distilled rule with the body of *other*

precedent directly contradicting that rule.   *Compare Montague*, 67 F.4th at 531, *with*

*Dupree*, 870 F.3d at 70, *and Gonzalez*, 686 F.3d at 132.

---

[3] *Compare* Second Superseding Indictment, *United States v. Joyner*, No. 3:95-CR-00232 (TJM) (N.D.N.Y. Jan. 11, 1996), 1996 WL 34431245, *with* App'x 32–33.

Intervention is needed. Clarifying inconsistent precedents and harmonizing our law is precisely the job of the en banc court. Our failure to do so invites our law to be changed from above rather than corrected from within. For these reasons, we respectfully dissent from the denial of rehearing en banc.