*Gittens-Bridges v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-three.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> *Circuit Judges.*

———————————————————————

LORRAINE A. GITTENS-BRIDGES,

> *Plaintiff-Appellant,*

> v.                                                                              No. 22-810

CITY OF NEW YORK, CLAUDETTE WYNTER,
DINA SIMON, NADENE PINNOCK,
AUDWIN PEMBERTON, GARLAND BARRETO,

> *Defendants-Appellees.*[*]

———————————————————————

———————————————

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | KENNETH E. GORDON, Gordon, Gordon & Schnapp, P.C., New York, NY. |
| **For Defendants-Appellees:** | JANET L. ZALEON (Richard Dearing, Devin Slack, *on the brief*), Assistant Corporation Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lorraine A. Gittens-Bridges ("Gittens"), an employee of the New York City Department of Correction, appeals from the district court's grant of summary judgment in favor of Defendants the City of New York and several of Gittens's supervisors ("Defendants"), on her age discrimination, hostile work environment, and retaliation claims under the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL").[1]  We

---

[1] Gittens concedes that the district court's June 11, 2020 ruling on Defendants' motion to dismiss "effectively disposed" of her claims under the Age Discrimination in Employment Act and

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Gittens argues that the district court failed to properly apply the relevant legal standards and overlooked evidence in the record in granting summary judgment to Defendants. We review a district court's grant of summary judgment *de novo*, *see Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). Where, as here, a district court disregards a party's submission for failure to comply with a local or individual rule, we review that decision for abuse of discretion, "accord[ing] considerable deference" to the district court's ruling. *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

Before turning to the merits of Gittens's claims, we first address the profound procedural shortcomings in her summary-judgment submissions below. Specifically, the record reflects that – despite receiving several lengthy extensions

---

indicates that she "does not contest any portion of the June 11, 2020 [d]ecision on this appeal." Gittens Br. at 20. To the extent that Gittens's federal claims, such as those brought pursuant to 42 U.S.C. § 1983, survived the July 11, 2020 decision, she has abandoned any such claims on appeal by failing to address them in her brief. *See United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002).

3

– Gittens's counsel failed to timely file a memorandum of law in opposition to Defendants' motion; the submissions she did timely file failed to cogently advance any legal arguments in opposition to summary judgment; and her response to Defendants' Rule 56.1 statement failed to comply with Local Civil Rule 56.1 in many critical respects. Recognizing these procedural deficiencies, the district court granted Defendants' motion to strike Gittens's untimely opposition and disregarded her other submissions to the extent they were procedurally and substantively deficient. It noted that these failures "could merit the [c]ourt granting [Defendants'] motion in full"; nevertheless, "[i]n fairness to Gittens," the court decided that it would exercise its discretion to consider the motion on the merits. Sp. App'x at 72–73.

In light of Gittens's procedural failures and the district court's assiduous review of the record, we cannot say that the district court erred in granting summary judgment here. As Gittens herself recognizes, her attorney's conduct in opposing Defendants' motion below was nothing short of "outrage[ous]." Gittens Br. at 23. Gittens therefore does not even attempt to argue – nor could she – that the district court abused its discretion in disregarding her various submissions (or portions thereof). And, contrary to Gittens's contention, it was

4

entirely appropriate for the district court to conclude that summary judgment was warranted once her opposition and the offending portions of her Rule 56.1 statement had been stricken. *See, e.g., T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."); *Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000). Further, there is no question that the district court carefully conducted an independent and extensive review of the record to ensure that Defendants' assertions of fact were adequately supported and that the requirements for summary judgment on each of Gittens's claims had been met. *See T.Y.*, 584 F.3d at 418; *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73–74 (2d Cir. 2001), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Jackson v. Fed. Exp.*, 766 F.3d 189, 194–95 (2d Cir. 2014).

For instance, in granting summary judgment as to Gittens's age discrimination claims, the district court properly concluded that Gittens failed to establish that her age played *any* role in Defendants' employment decisions given the record evidence demonstrating that her job performance did not warrant a promotion; there were reasonable grounds for Defendants' hiring and promotion

decisions; and three of the applicants selected for positions Gittens applied for were approximately her age.[2]  *See Hudson v. Merrill Lynch & Co.*, 31 N.Y.S.3d 3, 7 (1st Dep't 2016) (explaining that, even when applying the more liberal "mixed-motive" framework under the NYCHRL, a plaintiff seeking to avoid summary judgment must still raise "triable issues of fact that discrimination was one of the motivating factors for the defendant's conduct" (internal quotation marks omitted)).   In fact, the only competent evidence advanced by Gittens that even arguably could give rise to an inference of age-based animus – a statement in which one supervisor referred to Gittens as an "old school secretary without computer skills," and another statement in which a supervisor called her "mommy," Sp. App'x at 79 – were stray remarks unconnected to any purported adverse employment decision, which are insufficient to demonstrate an intent to discriminate on the basis of her age.   *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 307 (2d Cir. 2021) ("[S]tray remarks, without more, do not constitute sufficient evidence to make out a case of employment discrimination." (emphasis and internal quotation marks omitted)); *Mihalik v. Credit Agricole Cheuvreux N. Am.*,

---

[2] Gittens asserts that we should credit her "testimony about the nature of her assignments and the quality of her work pre-2014" because Defendants could not locate her pre-2013 personnel files.   Gittens Br. at 4 n.2.   But this argument was not raised in the district court and therefore is forfeited.   *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 662 (2d Cir. 2015).

*Inc.*, 715 F.3d 102, 111 (2d Cir. 2013) (explaining that defendants can avoid liability under the NYCHRL if the "conduct complained of consists of nothing more than . . . petty slights" (internal quotation marks omitted)). While Gittens makes much of her testimony that a supervisor purportedly told her that she was "not intelligent enough" to be promoted, *see, e.g.*, Gittens Br. at 34, she fails to explain how such a comment would be at all probative of age discrimination and fails to justify her failure to even mention this testimony in her Rule 56.1 statement.

As to Gittens's hostile work environment claims, the district court correctly concluded that the vast majority of the conduct alleged to have created a hostile work environment did not in any way relate to her protected characteristic – *i.e.*, her age. *See Williams v. N.Y.C. Hous. Auth.*, 61 F.4th 55, 69 (2d Cir. 2023) ("For a NYCHRL claim to survive summary judgment, the plaintiff need only show that her employer treated her less well than other employees, at least in part *for a discriminatory reason*." (emphasis added and internal quotation marks omitted)). As stated previously, the comments referring to Gittens as an "old school secretary" and "mommy" were "no more than . . . petty slight[s]" and do not support an inference of age-based discrimination even under the more plaintiff-friendly NYCHRL standards. *Mihalik*, 715 F.3d at 111.

7

Gittens's retaliation claims fail for similar reasons, even assuming, *arguendo*, that Gittens established a *prima facie* case. Because Defendants established that they had legitimate, non-retaliatory reasons for assigning Gittens clerical tasks and not promoting her to certain roles, the burden shifted back to Gittens to show that the stated reasons were pretextual and that Defendants took these actions to retaliate against her for engaging in protected activity. *Id.* at 116 (explaining that, even under the NYCHRL, summary judgment is appropriate "if the plaintiff cannot show that retaliation played any part in the employer's decision"). The record clearly indicates that Defendants assigned Gittens tasks commensurate with her demonstrated job performance and that she was not selected for certain positions because other candidates were more qualified. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001), *superseded in part on other grounds by* Fed. R. Civ. P. 37(e). The district court was therefore justified in granting summary judgment to Defendants on Gittens's retaliation claims.

Finally, because Gittens failed to establish liability as to her age discrimination, hostile work environment, and retaliation claims, the district court

rightly dismissed her aiding and abetting claims against the individual Defendants.[3]

In sum, we see no reason to disturb the district court's decision to grant summary judgment as to each of Gittens's claims. We have considered Gittens's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] In her brief, Gittens conclusorily asserts that "[u]nder the NYCHRL, individuals can be sued in their individual capacities quite apart from whether they are deemed to have aided and abetted." Gittens Br. at 56. That in no way alters the result here given that Gittens failed to establish that the actions taken by any individual Defendant were discriminatory or retaliatory.